# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KRISTOFFER LEE GARNER,<br>　　　　Plaintiff,<br>vs.<br>STATE OF ALASKA,<br>　　　　Defendant. | Case No. 3:20-cv-00318-RRB |

## ORDER OF DISMISSAL

Kristoffer Lee Garner, an Alaska prisoner representing himself, has filed a Complaint under 42 U.S.C. § 1983, claiming that the State of Alaska failed to afford him a speedy trial in his state court criminal case, and a Prisoner's Application to Waive Prepayment of the Filing Fee under 28 U.S.C. § 1915(a).[1] Mr. Garner requests $75,001 in both compensatory damages and in punitive damages, an order requiring Defendant to "grant complaint," and a declaration that "laws be fulfilled as filed and payed."[2]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner who seeks to waive prepayment of

---

[1] Dockets 1, 3.
[2] Docket 1 at 8.

the filing fee. In this screening, the Court shall dismiss the case if it determines that the action:

>   (i)    is frivolous or malicious;
>
>   (ii)   fails to state a claim on which relief may be granted; or
>
>   (iii)  seeks monetary relief against a defendant who is immune from such relief.[3]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[4] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[5] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[6]

---

[3] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[5] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[6] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

## DISCUSSION

"Title 42 U.S.C. § 1983, provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any [law] . . . of any State or Territory. . . .'"[7] This federal statute "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[8] Mr. Garner asserts that his right to a speedy trial has been violated by state action, due to delays caused by the Covid-19 pandemic.[9] Under § 1983, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."[10]

However, a prisoner may not initially bring a claim that collaterally attacks his state court conviction or sentence under 42 U.S.C. § 1983. Where a § 1983 action alleges constitutional violations that would necessarily question or concern the validity of a state court conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been "reversed on direct

---

[7] *Lugar v. Edmondson Oil, Co.*, 457 U.S. 922, 924 (1982) (citing § 1983); *see also* U.S. Const. amend. XIV ("No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.").

[8] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[9] Docket 1 at 3–5.

[10] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[11] This rule applies regardless of whether the prisoner seeks damages or injunctive relief, or who the target of the suit is,[12] "if success in that action would necessarily demonstrate the invalidity of confinement or its duration."[13]

The Court takes judicial notice[14] that, on January 8, 2021, Mr. Garner entered a guilty plea, and has been convicted and sentenced for felony assault in the Superior Court for the State of Alaska,[15] and he remains in state custody.[16] Because Mr. Garner challenges his confinement, *Heck v. Humphrey* bars his

---

[11] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

[12] The State of Alaska, for instance, is immune from relief from suits under § 1983. *See Northern Ins. Co. of New York v. Chatham County, Ga.,* 547 U.S. 189, 193 (2006) ("States and arms of the State possess immunity from suits authorized by federal law."). However, regardless of anyone Mr. Garner were to name as a defendant, this case must be dismissed, because neither his conviction or his sentence has been invalidated.

[13] *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

[14] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (11th ed. 2019); *see also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records . . . from other court proceedings.") (citing *Engine Mfrs. Ass'n v. South Coast Air Quality Management Dist.*, 498 F.3d 1031, 1039 n. 2 (9th Cir. 2007) (additional citation omitted)); Fed. R. Evid. 201.

[15] *See State of Alaska v. Kristopher Lee Garner,* Alaska Superior Court Case No. 3AN-19-05941CR. https://records.courts.alaska.gov/eaccess/search.

[16] *See* https://vinelink.vineapps.com/search/AK/Person (currently showing DOC supervised custody at a halfway house).

claims for relief at this time. And before conviction, but while a criminal case is ongoing, the *Younger* abstention doctrine prevents federal courts from interfering in a state case through a § 1983 action,[17] even if the plaintiff requests money damages.[18] This Court may only address Mr. Garner's claim, that he was denied his right to a speedy trial in state court, if he ultimately is successful in his appropriate challenges to his conviction or sentence.

To challenge a conviction or sentence, or both, in federal court, one may file a habeas petition under 28 U.S.C. § 2254. But first, a petitioner must either (A) exhaust "the remedies available in the courts of the State" or (B) show "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant."[19] To satisfy the "fairly present" requirement, the petitioner actually must present his or her federal claim to "each appropriate state court (including a state supreme court with powers of discretionary review)," so that each court is alerted to the federal

---

[17] *Younger v. Harris*, 401 U.S. 37, 41 (1971).

[18] *Washington v. Los Angeles County Sheriff's Department,* 833 F.3d 1048, 1058 (9th Cir. 2016) (extending *Younger* to suits for damages). And a defendant who is in custody before trial may bring federal challenges, under 28 U.S.C. § 2241, but also only after exhausting the available state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 488 (1973) (allowing petitioner to raise speedy trial claim prior to trial where he had exhausted available state remedies); *Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004).

[19] 28 U.S.C. § 2254(b)(1).

nature of the claim.[20] In Alaska, this means that a claim must first be presented to the Alaska Superior Court. If the petitioner disagrees with that result, the claim should be raised to the Alaska Court of Appeals, and if the petitioner disagrees with that result, the claim should be raised in a petition for hearing to the Alaska Supreme Court. A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for every claim in the petition.[21]

The Court takes judicial notice that neither Mr. Garner's state court conviction, nor the fact or duration of his confinement, have been invalidated.[22] Thus, the Court may not review the merits of this case.

Accordingly, **IT IS HEREBY ORDERED:**

1. This case is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for relief.[23]

---

[20] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam)).

[21] *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[22] *See* westlaw.com; https://records.courts.alaska.gov/eaccess/search; https://appellate-records.courts.alaska.gov/CMSPublic/Search.

[23] This dismissal is not a strike under 28 U.S.C. § 1915(g), which prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury." *See Washington,* 833 F.3d at 1057 ("Because Washington's *Heck*-barred damages claims are thus intertwined with his habeas challenge to the underlying sentence, we decline to impose a strike with respect to his entire action."); *see also id*. at

Case 3:20-cv-00318-RRB, *Garner v. State of Alaska*
Order of Dismissal
Page 6 of 7

Case 3:20-cv-00318-RRB   Document 5   Filed 03/04/21   Page 6 of 7

2. The Application to Waive Prepayment of the Filing Fee is **DENIED** as moot.

3. The Clerk of Court shall enter a final judgment accordingly.

Dated at Anchorage, Alaska this 4th day of March, 2021.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

1058 ("We hold that a dismissal due to *Younger* abstention, similar to a dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction, is not a strike under the PLRA.").